15632.   EMPIRE GLASS & DECORATION CO. *v.* BUSSEY.

STEPHENS, J.   1.   It is not necessary that an employee work exclusively for his employer, in order to be "regularly in service," as provided in section 15 of the Georgia workmen's compensation act (Ga. L. 1920, p. 167).

2. Since the workmen's compensation act expressly provides that an employee whose contract of employment is made within this State with an employer whose place of business is within this State, if the contract does not expressly provide that the entire service contracted for shall be performed outside of this State, may in a proper case recover compensation for an injury sustained by him when injured in performing his contract of service while in another State (Ga. L. 1920, p. 167, § 37), an objection to an award for such an injury, upon the ground that the employment, being without the State, does not come within the act, is without merit; and since the constitutionality of this provision of the compensation act is not questioned, an objection to the award upon the ground that the award was for an interstate employment is also without merit.

3. The mere refusal of an employee to continue in the employment of the employer after having received an injury does not, under section 33 of the act, bar him from compensation.   By the provisions of that section the commission can in its discretion grant compensation to an injured employee who "refuses employment procured for him suitable to his capacity."

4. The evidence adduced before the industrial commission, when taken in connection with the above rulings, authorized the award made, and the superior court did not err in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1925.

Appeal; from Fulton superior court—Judge Bell. April 14, 1924.

*Tillou Von Nunes,* for plaintiff in error.

*Branch & Howard, Bond Almand,* contra.