*E. H. George,* for plaintiff in error.   *E. W. Roberts,* contra.

22473.   ÆTNA LIFE INSURANCE COMPANY *et al. v.* MENEES.

HOOPER, J.   1. Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, he or his dependents shall be entitled to compensation if the contract of employment was made in this State, and if the employer's place of business is in this State. Ga. L. 1920, p. 187; Code, Park's Supp. 1922, § 3154(kk), Michie, § 3154(37).

2. The employer and the insurance carrier in this case voluntarily entered into an agreement of settlement with the employee, who had been injured while performing his duties in another State. A contract of settlement for compensation in a stated amount to be paid to the employee monthly during the continuance of his disability was executed by the parties and formally approved by the industrial commission, and was acted upon by the parties and compensation paid according to its terms for a number of months. The employer and the insurance carrier then filed a motion to dismiss the claim, for the reason, as insisted, that the contract of employment was not made in Georgia, but was made in Birmingham, Alabama. It appeared that the contract of employment was signed in Georgia by the employee acting for himself and by a managing solicitor acting as agent for the company, and thereafter was sent to Birmingham, Alabama, where it was approved by an executive of the company; and that it was to be performed largely within the State of Georgia. *Held:* The employer and the insurance carrier having voluntarily entered into the agreement of settlement with knowledge of all the facts, no fraud, accident, or mistake being urged, and this settlement having been approved by the industrial commission and acted upon by the parties, any issue as to whether the contract of employment was, in contemplation of law, executed in Georgia or in Alabama was thereby conclusively settled; and the motion to dismiss the claim was properly overruled by the industrial commission; and this ruling was properly sustained by the superior court on appeal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 31, 1932.   REHEARING DENIED JANUARY 25, 1933.

*John A. Dunaway, Bryan, Middlebrooks & Carter,* for plaintiffs in error.

*Branch & Howard, Bond Almand,* contra.