## WILLINGHAM et al. v. EASTERN AIRLINES.

### No. 19, Docket 22384.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1952.

Decided Nov. 3, 1952.

Jacob Rassner and Harry Landau, New York City, for plaintiff-appellant.

Bigham, Englar, Jones & Houston, New York City (John J. Martin, New York City, counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

Plaintiff, the widow of one Kenneth Willingham, a co-pilot employed by Eastern Airlines, brought this suit in the Southern District of New York to recover damages for the death of her husband in an airplane crash on May 30, 1947. The decedent under a written contract acknowledged that the Eastern Airlines had a principal place of operation in Atlanta, Georgia, and agreed " * * * that this contract of employment is made in contemplation of and pursuant to the laws of the state of Georgia and in the event of my injury or death by accident arising out of or in the course of my employment, it is understood that the respective rights and liabilities of the parties hereto shall be determined in accordance with the provisions of the Workmen's Compensation Act of the State of Georgia." After Willingham's death, the Georgia State Board of Workmen's Compensation made an award to the plaintiff on August 14, 1944, in accordance with her husband's contract whereby she accepted compensation for the benefit of herself and an infant daughter. After her husband's death she remarried and thereafter accepted payments for the sole benefit of her daughter. The defendant moved for a summary judgment because of the agreement between it and the decedent Willingham and the subsequent payments made pursuant thereto. The provisions of the Workmen's Compensation Act of Georgia are set forth in the margin.[1]

The court below granted summary judgment in favor of Eastern Airlines from which the plaintiff appeals. The defendant's motion was based upon the contention that Willingham's agreement to accept compensation for his injury or death in the course of his employment under the Georgia Workmen's Compensation Act was a complete bar to the suit, and the further contention that by the acceptance of compensation payments the plaintiff was estopped from bringing the action. There was no disputed question of fact raised by the affidavits and the summary judgment was plainly justified. The plaintiff seems to have misapprehended the requirements for raising an issue of fact on a motion for summary judgment. It is not sufficient merely to say that: "The plaintiff should be given the opportunity of proving that the principal place of business of the defendant was within the City and State of New York * * *" Such an allegation raises no issue of fact as to whether defendant had a principal place of business in Georgia. See Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469. The trial judge went so far as to direct a rehearing to allow plaintiff's attorney to submit affidavits raising any issue of fact that existed, but the rehearing added nothing to the original record and raised no issue of fact.

The agreement with Willingham stated that it was made in Georgia and the Georgia Statute provided that the Georgia Compensation Act was the exclusive remedy where the contract was made in that state and the employer's place of business or the employee's residence was in the state. The fact that the accident occur-

---

1. "Sec. 114–411. Accidents outside of State.—Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of this State: Provided, however, that if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Title (Acts 1920, p. 187.)"

"Sec. 114–103. Other remedies excluded by this law.—The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

red while Willingham was flying over Maryland clearly did not' deprive the Georgia Board of jurisdiction. This is the effect of the decisions of the Georgia courts. Slaten v. Travelers Ins. Co., 197 Ga. 1, 28 S.E.2d 280; Empire Glass & Decorating Co. v. Bussey, 33 Ga.App. 464, 126 S.E. 912. Under the circumstances, since the contract was made in Georgia, a fact which plaintiff failed to dispute in her affidavits and which in any event was conclusively settled by the Board's award, Aetna Life Ins. Co. v. Mences, 46 Ga.App. 289, 167 S.E. 335, the Georgia Statute barred the plaintiff's suit. See Duskin v. Pennsylvania Central Airlines Corp., 6 Cir., 167 F.2d 727. There is no indication that the public policy of the State of New York precludes application of the statute. Barnhart v. American Concrete Steel Co., 227 N.Y. 531, 125 N.E. 675. It also seems clear that under the ruling of the Supreme Court in Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, the decision of the Georgia Board was *res judicata*.

Accordingly the summary judgment is affirmed.