34898. JOHNSTON *v.* DOLLAR.

DECIDED MARCH 17, 1954—REHEARING DENIED APRIL 2, 1954.

*C. H. Porter, Matthews, Maddox & Bell,* for plaintiff in error. *Maddox & Maddox,* contra.

QUILLIAN, J. ■ The defendant in error moved to dismiss the writ of error on the ground that the City Court of Rome was not a constitutional City Court, and consequently an appeal to this court was not an available remedy to review its judgments.

Prior to the act of 1952 (Ga. L. 1952, p. 2747), the City Court of Rome was a constitutional city court. No demand was necessary to obtain a trial by twelve jurors of any civil or criminal case pending in that court. The act above referred to required that, unless a jury was demanded, all cases, civil and criminal, would be tried by the court without the intervention of a jury. The act required that all demands for jury trial be filed with the initial pleading of the party making the demand. It also provided that, in cases in which a jury was demanded, the trial should be by five persons. It is said in the caption of the act that it shall not apply to cases filed prior to its passage, but there

is no express statement in the body of the act that it would not apply to cases pending in the court. Nevertheless, the conclusion is inescapable that such was the intent of the General Assembly. There could be no demand for trial filed in or with the initial pleadings of a party to a pending case in which a defense had been filed. Now, obviously, trial by five men was provided only in cases where the demand for trial could be made as required by the act. An anomalous situation does result; the City Court of Rome has the dual character of a constitutional and a statutory city court, that is, as to the cases pending therein prior to the passage of the act of 1952 it is a constitutional city court, and as to the cases filed subsequently to the act it is a statutory city court. The trial court having retained its character of a constitutional city court as to cases coming within the category of the instant case, the motion to dismiss the bill of exceptions is without merit.

■ A serious obstacle stands in the way of the plaintiff's right to recover on the check. By deeding the property to Mr. Carter, she made it impossible to comply with her agreement to convey it as directed by the defendant, in consideration of his paying her the purchase price.

In these circumstances, had Mrs. Dollar actually cashed the check, she could not in equity and good conscience have been entitled to retain the money, and on the same principle that an action for money had and received is based, namely, that one is not permitted by our law to enrich himself unjustly at the expense of another, she is not entitled to unjustly enrich herself by obtaining a judgment against the defendant for money to which she is not entitled.

For the further reason that, when the property for the purchase price of which the defendant gave her the check sued upon became extinct, the check represented no more than a nudum pactum, and she is not entitled to recover in her suit on the same.

The trial court erred in directing a verdict for the plaintiff.

■ The defendant complains because the court excluded the following evidence, offered by himself as a witness, concerning when Mrs. Johnston came to live with him under the agreement made by him, Mrs. Johnston, and Mrs. Dollar, "that his wife did not bring with her any number of garments to wear or any

baggage, indicating an intention to stay with him permanently; that she brought only a change of clothing for herself and for the little boy; that these clothes were not put up in the dresser or put away permanently, but were left lying out on the bed or on a chair somewhere." The evidence was irrelevant and the assignment of error is without merit.

■ The defendant complains that the plaintiff did not come to court, and that he was thereby deprived of the privilege of cross-examining her. There is nothing in this contention. The privilege of cross-examining the opposite party does not include the right to require such party to attend court so that he may be cross-examined. Of course, a male witness may be compelled to attend court by subpoena, whether or not he be a party to the case, but there is no reason why a female witness could not be cross-examined by depositions. This ground of the motion does not show error.

*Judgment reversed. Townsend, J., concurs, and Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I agree that the plaintiff's recovery should be denied on the principle of the doctrine of money had and received. By accepting a deed of reconveyance from Mrs. Johnston and deeding the property to Mr. Carter for $3,000, the plaintiff effectively breached and violated the spirit and purpose of the original agreement between the parties and put it beyond her own power to restore the defendant to his original status after the breach of the original contract by Mrs. Johnston. Mr. Johnston meant by the original contract that he would pay a certain price in property (the house) as a consideration for his wife's returning to him, the house to be deeded by Mrs. Dollar, his wife's sister, to his wife. When Mrs. Johnston failed to live up to the agreement, she deeded the house back to Mrs. Dollar and placed her in the same position she originally occupied. It would seem that Mrs. Dollar should have deeded the house to the plaintiff (in view of her good faith in making the original contract), or should have returned his check when she knew that the consideration which should have flowed to the defendant completely failed, and which total want of consideration was the reason why the house was deeded back to her. The jury would have been authorized to find that there

was no consideration for the reconveyance of the house to Mrs. Dollar, from her failure to show that there was, under the facts of this case, and from the fact that there were no revenue stamps on the decd.

I concur in the ruling on the second ground of the amended motion (division 4), for the reason that the movant does not show in this ground that Mrs. Dollar was present in court when the trial of the case began. If he began the trial with the knowledge that the plaintiff was not present in court without objection or motion for continuance, he could not complain that she was not present for cross-examination.