48651. EMPLOYERS FIRE INSURANCE COMPANY et al. v. WALRAVEN.

EBERHARDT, Presiding Judge. Mrs. Ruby Walraven, who was employed as a serger (the sewing of pre-cut pieces of material into a garment — housecoats), testified that on May 10, 1972 she experienced sudden pain in her low back when reaching for and moving to the sewing machine for the purpose of sewing them together, pre-cut materials from a table immediately to her right or left, the materials having been placed on the table by another

employee having that duty. Under an agreement of temporary total disability she was paid compensation. On application of the employer a hearing was held November 27, 1972 to determine whether there had been a change in condition, on the ground that she had sufficiently recovered to be able to return to work, that work had been tendered her and that she had refused to return, either on a full-time or part-time basis.

At the hearing a deposition of Dr. Dahlstrom was offered by the employer-insurer, in which he testified that he had examined Mrs. Walraven, including x-rays of her back, had found her to be very obese but that he was of the opinion that she had substantially recovered from a low back strain, leaving no objective evidence of injury; that her back movements were within normal limits, the legs were negative neurologically; that the x-rays disclosed no abnormalities, though she complained of a little tenderness in the low back area. It was his opinion that she was able to return to work when he saw her on July 18, 1972.

The claimant submitted a deposition of Dr. Exum Walker, who had examined her, and testified that her injury had left her with a chronic mild low back pain, which was her complaint when he saw her, "aggravated by staying in one position for too long, as well as any increase in physical activity," and "particularly aggravated by lifting, bending or stooping." She was obese, and had a residual disability of about ten percent, but it was his opinion that she "could return to work which did not entail excessive lifting, bending or stooping."

Mrs. Walraven testified that she had been off the job and hospitalized for six days after the injury; that after Dr. Dahlstrom saw her she tried to return to work, but she "just couldn't sit straight and use this right leg, because that's the one I use to sew with, because of that nerve, and my leg gets real sore"; that she continued to have the same problems; that she could return to work if it did not entail bending, stooping or lifting; that the only offer of work made to her had been serging, and that was what she had been doing when her back became strained.

On the basis of this evidence the single director found that since July 18, 1972 claimant had been able to return to work which did not entail excessive lifting, bending or stooping; that such work had been available to her either on a full-time or part-time basis with the employer, and that her refusal to return to work had been unjustified since and including July 19, 1972. On the

basis of these findings the employer-insurer was authorized to desist in payments from and after July 19, 1972 and to suspend further compensation payments as provided by Code § 114-407. This award was appealed to the superior court, where it was reversed because "there is no evidence in the record that claimant is capable of performing the work indicated without physical harm, and thus there is not sufficient evidence in the record to warrant the award." The employer-insurer appeals. *Held:*

The evidence raises a factual issue as to whether the claimant had sufficiently recovered from her injury to enable her to return to work, and this issue was for determination by the fact-finding agency — the Board. Under the any evidence rule the findings and award should have been affirmed. *Baynes v. Liberty Mutual Ins. Co.,* 101 Ga. App. 85 (112 SE2d 826); *Davidson v. Fidelity & Cas. Co.,* 108 Ga. App. 51 (131 SE2d 863).

The findings and award are fully supported by Dr. Dahlstrom's testimony and it cannot be concluded that these are without evidence to support them. The board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. *Travelers Ins. Co. v. Buice,* 124 Ga. App. 626 (185 SE2d 549); *Ocean Accident &c. Corp. v. Lane,* 64 Ga. App. 149 (12 SE2d 413). See particularly *Bradberry v. Lumbermen's Mut. &c. Co.,* 60 Ga. App. 576 (4 SE2d 486), where this court dealt with a situation substantially on all fours with that here.

Where there was an award of no compensation both the superior court and this court must, on appeal, consider the evidence in its most favorable light to the prevailing party, for the award stands upon a footing similar to that of a jury verdict. *Merry Bros. Brick & Tile Co. v. Holmes,* 57 Ga. App. 281 (1) (195 SE 223); *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683 (26 SE2d 682); *Stapleton v. American Mut. &c. Co.,* 74 Ga. App. 86, 91 (38 SE2d 848). Utilizing this principle, it is certain that the superior court is and we are precluded, under the any evidence rule, from setting the award aside absent some legal error or fraud, and none appears. *Pepperell Mfg. Co. v. Mathis,* 92 Ga. App. 85 (88 SE2d 201).

*Judgment reversed. Pannell and Stolz, JJ., concur.*

Argued October 5, 1973 — Decided October 19, 1973.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellants.
*Langford & Pope, William P. Bailey,* for appellee.