## 49341. CONTINENTAL INSURANCE COMPANY et al. v. PEARDON.

CLARK, Judge.

In this workmen's compensation appeal we are required to pass upon the superior court's recommittal of this case to the full board. This ruling was the result of his determination that one out of six findings of fact by the hearing director was "without sufficient competent evidence in the record to support it, it being the opinion and finding of this court that finding of fact number 3 on page 2 of said award is completely contrary to the evidence."

The hearing director's ruling had been a dismissal of the employee's claim for failure to give notice of the accident to the employer within 30 days as required by Code § 114-303. After the full board had adopted the deputy director's award without change the employee had taken an appeal to the superior court. The employer has taken this appeal from the superior court's order of re-committal.

Although the employer, R. T. Jones Memorial Hospital, denied liability to its employee, a scrub technician, for failure to meet the statutory notice prerequisite, it also contended her injury was not work connected but was due to performance of a household task at home. The focal point of the controversy concerned the date on which the employer was first notified of the claim. In dismissing her claim "due to claimant's unreasonable failure to comply with provisions of Code Section 114-303 relating to notice to employer" the hearing director made six specific findings of fact.

This court held in *Peninsular Life Ins. Co. v. Brand,* 57 Ga. App. 526 (196 SE 264) that "Merely because the evidence fails to support one or more findings of fact does not necessarily require a reversal, if it supports a sufficient number of findings of fact, all of which taken together support the judgment or order." The evidence here supported the deputy director's fifth finding that the employee "did not in fact report the alleged September 9, 1971, accident until after her hospitalization for a myelogram on October 14 or 15, 1971." In conformance with the *Peninsular Life* ruling we do not undertake to consider the correctness of the trial judge's ruling as to the absence of any evidence on the deputy director's third finding of fact but have examined the record to determine if there is any evidence to support the remaining five factual findings. As is stated in *Peninsular Life* at page 527, ". . . one or more of the facts found, even if erroneously found, does not necessarily mean that the finding as to the ultimate fact is harmful error."

Our examination discloses there is sufficient evidence to support the ultimate conclusion of lack of timely notice. Although the employee testified that she informed the hospital administrator of the "operating room incident" on October 7, 1971, the administrator not only specifically denied this assertion but testified that he first learned of the incident on October 15, 1971, the day on which the employee first informed her immediate supervisor. "The board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. [Cits.]" *Employer's Fire Ins. Co. v. Walraven,* 130 Ga. App. 41 (202 SE2d 461).

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 6, 1974 — DECIDED JUNE 18, 1974.

*Charles L. Drew,* for appellants.
*J. R. Cullens, Neely, Freeman & Hawkins, William E. Cetti,* for appellee.