## 49823. GRAHAM v. BOARD OF EXAMINERS OF PRACTICAL NURSES OF GEORGIA.

CLARK, Judge.

This is an appeal from the revocation of appellant's state license as a Licensed Practical Nurse (L.P.N.), which is an occupation regulated under the provisions of the statute appearing in Ga. L. 1953, p. 333 et seq. (Code Ann. § 84-1022 et seq.). The evidentiary hearing and subsequent proceedings were held in compliance with the Administrative Procedure Act (Ga. L. 1964, p. 338 et seq.; Code Ann. Ch. 3A-1). Following a full hearing at which appellant was well represented the Board of Examiners of Practical Nurses entered an order stating their "Findings of Fact" and "Conclusions of Law." Based on these "Conclusions of Law, singly and combined" the license was revoked. (R. 9).

From a final order finding no merit in a rehearing motion, an appeal was taken to the Superior Court of Long County. In compliance with Code Ann. § 3A-120 (e), a certified copy of the entire record of the proceedings was then transmitted. There, upon appellant's request as permitted by the statute, oral argument was heard in addition to written briefs. The Superior Court concluded from its reading of the transcript of the evidentiary hearing that the evidence was sufficient to warrant the revocation of appellant's license. In entering its order affirming the revocation, the trial judge recited the procedures which had been followed and concluded that "The record contained sufficient evidence to support the board's findings of fact." This appeal, allowed the aggrieved party under the statute (Code Ann. § 3A-121), followed.

We have studied the record including the lengthy hearing transcript and numerous accompanying exhibits. This has been done on the basis of the statutory directives for judicial review of contested cases set forth in paragraph (h) of Section 20 of the Administrative Procedure Act. Code Ann. § 3A-120. This section states that "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." This section also authorizes the court to "reverse

or modify the decision if substantial rights of the appellant have been prejudiced" if any one of six specified requirements appear. The one here applicable is the fifth which permits such reversal if the administrative decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." We have found substantial evidence in the record to support the board's revocation. See *Continental Ins. Co. v. Peardon,* 132 Ga. App. 162 (207 SE2d 658). Accordingly, the judgment is affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued October 7, 1974 — Decided December 2, 1974.

*Parker, Groover, Pye & Poss, Lewis M. Groover, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, Hal Roach, Jr., Assistant Attorneys General,* for appellee.