## 53009. LIBERTY MUTUAL INSURANCE COMPANY et al. v. NEAL.

STOLZ, Judge.

The appellants, insurer and employer, appeal from an award of workmen's compensation benefits in favor of the appellee-employee.

In April 1974, the appellee received a work-related injury, and was awarded workmen's compensation benefits. At the appellants' insistence, a hearing was held on March 17, 1975, to determine whether the appellee had realized a change in condition which could result in a cessation of benefits. At that hearing, the appellant-employer offered to the appellee a light job, which was suitable to her impaired condition. On October 27, 1975, the board held that the offer of the light job to the appellee and her refusal to report to work required a denial of compensation under Code § 114-407. Immediately after that decision was handed down, the appellee sought to return to work for the appellant-employer pursuant to its March offer. However, due to the seven-month delay between the offer and attempted acceptance, the employer-appellant said that the offer had lapsed and the position had been filled. Therefore, the appellee requested a hearing on change of condition, as a result of which workmen's compensation payments were resumed.

The appellants contend that the board's ruling resuming payments, as affirmed by the Gordon County Superior Court, is in error. We find their contention to be meritless, however. In its October 27, 1975, award, the board specifically held that compensation was discontinued under Code § 114-407. When an employer procures a light job which an injured employee can perform and the employee refuses the job, Code § 114-407 requires that compensation be suspended only "during the continuance of such refusal." The refusal does not forever ban receipt of future compensation should the availability of suitable light work cease. Since the reason for the suspension of payments no longer exists, compensation must be resumed. See *Fleming v. United States F. &c. Co.,* 137 Ga. App. 492 (2) (224 SE2d 127) (1976).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED NOVEMBER 1, 1976 — DECIDED NOVEMBER 30, 1976.

*Pittman, Kinney, Kemp, Pickell & Avrett, Maurice M. Sponcler, Jr.,* for appellants.

*Chance, Maddox & Jones, R. F. Chance,* for appellee.