## 53630. ST. PAUL INSURANCE COMPANY et al. v. HENLEY.

DEEN, Presiding Judge.

1. This is another workmen's compensation case in which an award by an administrative law judge affirmed

by the full board has been reversed by a superior court judge on appeal on the apparent basis that there is no evidence to support it. We disagree with this conclusion.

As has been many times stated, the board, not the courts, constitutes the fact finding body. Its findings of fact are not to be set aside because the reviewing court disagrees with the conclusions drawn therefrom. When using the "any evidence" criteria, the facts are to be construed in a light most favorable to the party prevailing before the board. Reviewing courts do not consider the weight of evidence; therefore, although a party prevailing before the board may have had the burden of establishing a factual proposition (as, in this case, a change of condition) this court looks not to see whether he carried the burden by a preponderance of the evidence, but only whether there is any evidence from which the conclusion can be drawn that the factual proposition contended for exists. *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476 and cits., and see burden of proof, *Indemnity Ins. Co. v. Loftis,* 103 Ga. App. 749 (2) (120 SE2d 655).

The claimant here fell and sustained a back injury in June, 1974. At the time of the change of condition hearing in April, 1976, she was still walking on crutches and from her own testimony a finding that no change of condition had occurred would have been demanded. But the testimony of this claimant that she could not walk or drive a car was contradicted by the sworn testimony of an eyewitness who had seen her driving a car. There were other inconsistencies, and it further appeared that from various disability checks she was receiving approximately twice her normal take home pay while working, in spite of which she had testified that she received no income of any kind except workmen's compensation. Two of the several doctors who had examined or treated her were deposed, the claimant's doctor testifying that x-rays showed no evidence of recent injury, there was no objective sign of lumbar disc disease, myelogram was normal, and "I did not think that she had significant organic back complaints at that time." The other physician found her complaints not supported by objective examination; he testified that when he asked for a particular physical response such as toe extension the

patient said she could not perform, but "give her the same exam by telling her to do something else and she'd pick her toes up perfectly all right."

Disproving facts testified to, and proof of contradictory acts or statements, are recognized methods of impeachment. Code §§ 38-1802, 38-1803. "If a jury [or whoever functions as the trior of fact] determines that a witness has been impeached as to a material fact in the case, it can disbelieve his entire testimony. Code § 38-1806; *Ga. R. & Bkg. Co. v. Andrews,* 125 Ga. 85 (1) (54 SE 76); *Haas & Howell v. Godby,* 33 Ga. App. 218, 227 (125 SE 897)." *Swift & Co. v. Lawson,* 95 Ga. App. 35, 54 (6) (97 SE2d 168). The administrative law judge stated flatly: "After personally observing the claimant and considering her manner of testifying and interest in the matter, I find that she is able to return to work." The hearing judge might properly consider the claimant's interest in the result of the case (*Ga. Hwy. Express, Inc. v. Sturkie,* 62 Ga. App. 741, 748 (9 SE2d 683)) and weigh the other inconsistencies in the testimony in determining what credit to give her subjective asseverations of pain and incapacity. *Pantone v. Pantone,* 206 Ga. 305 (2) (57 SE2d 77); *Partain v. King,* 206 Ga. 530 (1) (57 SE2d 617). It is obvious that he ended by disbelieving her; this he was entitled to do under the circumstances and the superior court as well as this court is bound by that determination.

2. There was an effort to bring this case under the rule stated in *Waters v. National Biscuit Co.,* 113 Ga. App. 170, 173 (147 SE2d 676) and *Indemnity Ins. Co. v. Loftis,* p. 751, supra: "If a disability exists, whether or not it is psychic or mental, if it is real and is brought on by accident and injury, this being a humane law and liberally construed, it is nevertheless compensable," this being based on the final testimony of the claimant's doctor that he thought, not based on objective tests, that she had about 25 percent disability to the body as a whole. As he stated: "I think she has some organic problem but I believe her main problem, everything would indicate that most of it is on an emotional basis." Taken as a whole, his testimony appears to mean that the claimant has persuaded herself either that she does not want to or that

she is unable to work.

In the *Waters* case there was evidence that the claimant had developed a mental disorder in connection with her physical incapacities so pronounced that she was unable to function normally. In *Employers Ins. Co. v. Wright,* 114 Ga. App. 10 (150 SE2d 254), the rule was applied where, following a rape and attending emotional trauma, the claimant's physical condition became progressively worse. A disability, mental or psychic, resulting from an otherwise compensable accident is compensable *if it is real.* In the *Loftis* case the record was remanded to the board for further testimony on this point, which had not been considered by the hearing director. In the present case it is obvious that it was considered and disbelieved. Accordingly, the superior court, which had not the power to weigh the evidence and arrive at a different result by this method, had no option but to affirm. It was error to reverse the award.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED MARCH 3, 1977 — DECIDED
MARCH 11, 1977.

*Savell, Williams, Cox & Angel, Cullen Hammond, John M. Williams,* for appellants.

*William Ralph Hill, Jr., William Jerry Westbrook,* for appellee.