## 54382. BIBB COMPANY v. EPPS.

BELL, Chief Judge.

This is an appeal by the employer from an order of the superior court affirming an award of workmen's compensation to claimant based on a change of condition. *Held:*

1. In order to establish a change of condition a claimant must show (1) that the condition has changed for the worse; (2) that because of this change claimant is unable to work for any employer; (3) that because of inability to work the employee has either a total or partial loss of income; (4) that the inability to work was proximately caused by the injury. Code § 114-709; *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101 (220 SE2d 89). The appellant contends that the claimant did not sustain his burden by establishing by any evidence elements 2 and 4. We disagree. In the present case, the claimant returned to work after his original compensable injury to his arm and without the approval of his attending physician. He was given light duties for approximately 4 weeks and then he was required by the employer to operate a machine similar to the one on which he had originally been injured. According to claimant, he refused to comply because his injured arm was not strong enough for the duties requiring him to operate this machine. The employer then discharged claimant. He remained unemployed until March, 1976. While the claimant did not directly testify that he was unable to return to work for the same or any other employer, his attending physician did testify that claimant returned to work too soon; that he examined him 11 weeks after his termination and at that time claimant was not physically able because of the arm injury to perform any work. The physician also testified that on April 9, 1976, he again examined claimant and determined that claimant was fit to return to work. This testimony sufficiently satisfies the established element necessary to show a change of condition and accordingly supports the board's findings of fact and the award.

2. Appellant also contends that the board was operating under an erroneous legal theory. This argument is premised on the concept that the evidence

demands a finding that the refusal by claimant to perform a new task was unjustified. To the contrary, the evidence shows, and the board found as a fact, that the employer would no longer provide claimant with the light work that he was physically capable of doing and thus an economic change of condition resulted. *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 14, 1977.

*Jones, Cork, Miller & Benton, Rufus D. Sams, III,* for appellant.

*Griffith, Degonia & Payne, George W. Griffith,* for appellee.