### 54709. ARGONAUT INSURANCE COMPANY et al. v. MARSHALL.

BELL, Chief Judge.

This is an appeal from a judgment affirming an award of workmen's compensation. Claimant, in March 1974, sustained a work-related injury and was awarded compensation. In February 1976, the appellant furnished claimant's doctor with a proposed job description for light work, which he approved. The job was then offered claimant on two occasions, March 3 and May 18, 1976, and she declined to accept either offer. Later after hearing evidence, the administrative law judge found claimant's refusal to accept employment not justified and on September 29, 1976 authorized the suspension of payment of compensation during the continuance of claimant's refusal to accept the job offered, under the authority of Code § 114-407. On October 28, 1976, claimant offered to accept the employment but the employer thereafter advised that the offer had been withdrawn due to depressed economic conditions. By award on April 27, 1977, the full board found that although the previously proffered job was no longer available, the claimant was willing to accept it as of October 28, 1976, and her refusal to accept employment terminated, and ordered that compensation should be resumed as of October 28, 1976. The superior court affirmed. *Held:*

1. The board in making this award correctly applied our holding in *Liberty Mut. Ins. Co. v. Neal,* 140 Ga. App. 585 (231 SE2d 574), which controls this case. In *Neal* we held ". . . When an employer procures a light job which an injured employee can perform and the employee refuses the job, Code § 114-407 requires that compensation be suspended only 'during the continuance of such refusal.' The refusal does not forever ban receipt of future compensation should the availability of suitable light

work cease. Since the reason for the suspension of payments no longer exists, compensation must be resumed." The appellant's contention that the foregoing holding is in conflict with a line of cited cases is not correct for those all concerned an application of Code § 114-709 on change of condition and not with Code § 114-407.

2. Appellants' other claims of error have no merit and require no further consideration.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 4, 1977 — DECIDED DECEMBER 1, 1977.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II*, for appellants.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman*, for appellee.