## 57949. DeKALB COUNTY MERIT SYSTEM v. JOHNSON.

CARLEY, Judge.

Johnson was found to be temporarily totally disabled as the result of an employment-related injury; his employer, the Merit System, was directed to pay workers' compensation to him "until [he] undergoes a change in condition."

Some months later, the Merit System sent correspondence to Johnson and to his attorney offering Johnson a position as senior equipment operator. One letter to Johnson's attorney stated that "[i]f your client elects not to accept this position, we will have no alternative but to move to terminate compensation." Johnson did not accept the job so offered.

Pursuant to former Code Ann. § 114-709, the Merit System moved to terminate compensation on the ground that "[t]he claimant has been offered employment consistent with what claimant testified at the prior hearing he was capable of performing and claimant has failed to accept said employment." A hearing was scheduled and held on August 28, 1978. Although Johnson did not personally attend the hearing, he

appeared by and through his attorney of record. The administrative law judge found that Johnson had been offered a job as a truck driver but had not responded to the offer and that by his refusal to appear to offer an "explanation as to whether or not he is able to do the job," Johnson "apparently . . . has abandoned his workmen's compensation claim . . . " The administrative law judge further found that Johnson "has undergone a change in condition and that he was offered work that was suitable for his present condition. . ."; he authorized the termination of compensation.

Johnson appealed to the full board which affirmed the termination. He thereupon appealed to the superior court which, after hearing, found that Johnson "was not offered work suitable to his impaired condition in that he was offered a job as a truck driver which he was incapable of performing. . . that [he] did not abandon his. . . claim in that he was represented at all stages by his attorney . . . and that [the Merit System] failed to carry the burden of proof to show a change in [Johnson's] condition." The board's award terminating compensation to Johnson was accordingly reversed, and the Merit System appealed to this court.

1. Johnson's original injury was to his hip and leg; it was found "that the work that he was doing, that of climbing in and out of the truck and the tree work aggravated his leg to the extent that he had to quit work. . ." His hip joint was subsequently replaced. On these facts, he was found to be temporarily totally disabled and was awarded compensation under the Act.

In the subsequent hearing on the Merit System's motion to terminate compensation, the only evidence produced was that Johnson had merely been offered a job as a truck driver which he did not accept. The Merit System's representative testified that the job offered would involve "getting in and out of the truck" and would require the "normal truck driving movements." "The mere refusal of an employee to continue in the employment of the employer after having received an injury does not . . . bar him from compensation . . . " *Empire Glass & Decoration Co. v. Bussey,* 33 Ga. App. 464 (3) (126 SE 912) (1924). The refused employment must be

"suitable to [the injured employee's] capacity." Code Ann. § 114-407. In the instant case there was absolutely no evidence that the employment offered Johnson was suitable to his injured capacity. Compare, e.g., *Cameron v. American Can Co.,* 120 Ga. App. 236 (170 SE2d 267) (1969); *Employers Fire Ins. Co. v. Walraven,* 130 Ga. App. 41 (202 SE2d 461) (1973).

Where there is "any evidence" to support the board's finding, its award will be upheld, but not where, as here, there is no evidence. Cf. *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581 (1) (234 SE2d 159) (1977).

2. There is no merit in the argument that Johnson abandoned his claim by failing to personally appear. He was at all times represented by counsel. While the Merit System stated at the hearing that if Johnson were present it would cross examine him, "[t]he right of cross examination of the opposite party does not include the right to require his presence in court, and such party may not be compelled to attend court except in the manner as other witnesses are required to attend court by subpoena . . . " *Johnston v. Dollar,* 89 Ga. App. 876 (4) (81 SE2d 502) (1954). The workers' compensation statute provides for the subpoena of witnesses and for discovery. Code Ann. § 114-703; Code Ann. § 114-707 (d) (Ga. L. 1978, pp. 2220, 2229). The Merit System neither served notice to take Johnson's deposition nor sought the issuance of a subpoena.

3. The burden of proof was on the Merit System, if it wished to prove a change in Johnson's condition, to show " (1) a physical change in [him] for the better, (2) an ability to return to work because of the change, and (3) the availability of work to decrease or terminate loss of income." *Hercules, Inc. v. Adams,* 143 Ga. App. 91, 92 (237 SE2d 631) (1977). The only evidence presented showed the Merit System's offer to Johnson of the position as a truck driver and his failure to accept. This evidence fell short of demonstrating a "change of condition" within the standards articulated in *Hercules, Inc.,* supra. Compare, *St. Paul Ins. Co. v. Henley,* supra.

4. It appearing that "[t]here is not sufficient competent evidence in the record to warrant the members in making the order or decree complained of," the superior

court's order reversing the board's award terminating Johnson's compensation is affirmed. Code Ann. § 114-710.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MAY 29, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED SEPTEMBER 20, 1979.

*James H. Weeks,* for appellant.
*Charles T. Bass,* for appellee.