### 61159. SMITH v. VAN'S EQUIPMENT COMPANY et al.

SOGNIER, Judge.

Workers' compensation. Appellant Smith suffered a shoulder injury on the job on May 18, 1977 and began collecting worker's compensation. The claimant returned to work on June 27, 1977, but was again required to stop working on August 8, 1977 because of his prior injury. Appellee Van's Equipment moved for a change of condition in July, 1978 and after a hearing on the matter the Workers' Compensation Board entered an order on July 31, 1978 finding no change of condition and ordered continued compensation. The Board also ordered Smith to submit to vocational rehabilitation evaluation and training, and ordered appellee employer to cooperate with the vocational rehabilitation supplier in developing a new position for the claimant.

In January, 1979 the employer, the claimant, the vocational rehabilitation representative, the employer's insurer and both attorneys met and discussed a new job for the claimant. Smith agreed that he would return to work and attempt to do the work as described during this meeting. A film was shown which depicted the tasks claimant would be expected to perform. However, the job described in the film was not available at the time the film was shown and claimant was offered a different job. The employer described the second job as being "light work"; however, the claimant refused the job because it was substantially the same job description as he had performed previously for the employer.

A second hearing was held and the Administrative Law Judge found that there had been a change in condition and that claimant could perform the job as offered to him. Since Smith refused to work and had made no attempt to perform the job as offered to him, compensation was terminated. The State Board of Workers' Compensation adopted the findings and conclusions of the ALJ, and on appeal the Superior Court affirmed.

Appellant contends that the trial court erred in affirming the

award of the Workers' Compensation Board because there was no evidence to support the conclusion that there had been a change in condition, i.e., that claimant had been offered "light work" suited to his physical condition or that work suitable to his condition was available. The burden of proof was on the employer, if it wished to prove a change in Smith's condition, to show " '(1) a physical change in [the claimant] for the better, (2) an ability to return to work because of the change, and (3) the availability of work to decrease or terminate loss of income.' *Hercules, Inc. v. Adams,* 143 Ga. App. 91, 92 (237 SE2d 631) (1977)," *DeKalb County Merit System v. Johnson,* 151 Ga. App. 405, 407 (260 SE2d 506) (1979); *Commercial Union Ins. Co. v. Weeks,* 155 Ga. App. 20 (270 SE2d 259) (1980).

In the initial award continuing compensation entered July 31, 1978, the ALJ found that Smith's physical condition had not undergone a change for the better since August, 1977. The only further evidence regarding claimant's physical condition was offered by the claimant at the second hearing on the matter, and was a letter from claimant's physician which did not indicate an improvement in his condition. In addition, claimant testified that his condition had not improved but that he experienced pain upon exertion. We find *no* evidence of a *physical change* in claimant for the better. Thus, the employer failed to carry its burden of proof in demonstrating a "change of condition." *DeKalb County Merit System,* supra at 407. Where there is "any evidence" to support the board's finding, the award will be affirmed, but not where there is no evidence. Cf. *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581 (1) (234 SE2d 159) (1977).

Appellee employer argues strenuously that because it had offered claimant a job which appellant said he would try to perform, that its burden of proof had been satisfied. Judge Birdsong, in *Peterson/Puritan v. Day,* 157 Ga. App. 827 (1981) has recently articulated the requirements of a showing of a change of condition under Code Ann. § 114-709. "[T]he employer must show the *ability* to return to work and that suitable work is available." (Emphasis supplied.) In *Peterson/Puritan,* the issue was whether the employer had sufficiently shown the availability of work or "work opportunities *within the claimant's capability* which are actually available to [him] . . ." (Emphasis supplied.) Judge Birdsong reasoned that it would be inequitable to permit the employer to terminate compensation merely because the claimant's physical condition had improved (thus showing the ability to work), without some showing that the work offered was suitable to the claimant's condition. Generalized statements by the employer that a job is available are not enough.

Similarly, it would be inequitable for the employer to offer

claimant a job, even, as in this case, a job which included only "light work," without some showing that claimant's physical condition had improved so that he had the *ability to return to work.* There was *no* evidence to show that claimant's physical condition had improved. · To the contrary, the only evidence regarding claimant's condition was a statement by his doctor indicating that he was still suffering from his injury and was in a great deal of pain. Notwithstanding the opinion of the specialist in vocational rehabilitation, the employer failed to provide any competent evidence that claimant's physical condition had improved and therefore, failed to show a change of condition. The trial court erred in affirming the award of the state· board.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 5, 1981.

*Alfred N. Corriere,* for appellant.
*J. Stephen Gupton,* for appellees.