### 65551. COATS & CLARK, INC. v. THOMPSON.

SOGNIER, Judge.

Coats & Clark appeals an order of the Superior Court of Cobb County affirming an award of the State Board of Workers' Compensation. After a hearing, the ALJ found that the claimant Thompson had not suffered an injury during the course of his employment and that he was "unworthy of belief." The full board, upon de novo review, substituted its findings for that of the ALJ and found that: the claimant fell while at work, was released by a doctor to do light work, was offered light work but refused to do it and was fired, and that the work offered to the claimant was no longer available. The superior court affirmed the award and we granted this discretionary appeal.

1. Appellant contends that the trial court erred in affirming the award because the ALJ had found claimant "unworthy of belief" and was in a better position to judge the credibility of the claimant than the full board. The law is well settled in Georgia that the findings of fact of the full board, being supported by some evidence, are conclusive and binding on the court and that the weight and credit to

be given the testimony of witnesses are for determination by the board. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976); *Neese v. Subsequent Injury Trust Fund,* 164 Ga. App. 136 (296 SE2d 427) (1982). We find no error in the trial court's affirmance of the award based upon the evidence.

2. Appellant also contends there was no evidence that claimant "was medically restricted to light work," as was found by the board. While the medical evidence is in conflict with regard to claimant's ability to do "light" or "normal" work, there is some evidence that claimant's ability to work was limited to light work. Conflicts in evidence are for the resolution and determination of the board. *Howard Sheppard, Inc.,* supra, at p. 410.

3. Finally, appellant contends that the award should be reversed because there is no evidence that claimant's refusal to do "light" work was justified. See OCGA § 34-9-240 (Code Ann. § 114-407). The board found as a matter of fact that claimant refused the proffered "light" work at the time it was offered but that the work was no longer available. The board concluded that claimant was entitled to compensation commencing at the date of the injury.

"When an employer procures a light job which an injured employee can perform and the employee refuses the job, [OCGA § 34-9-240 (Code Ann. § 114-407)] requires that compensation be suspended only 'during the continuance of such refusal.' The refusal does not forever ban receipt of future compensation should the availability of suitable light work cease." *Liberty Mutual Ins. Co. v. Neal,* 140 Ga. App. 585, 586 (231 SE2d 574) (1976); *Argonaut Ins. Co. v. Marshall,* 144 Ga. App. 217 (240 SE2d 767) (1977). The employer unequivocally stated at the hearing that the offer of light work no longer existed. Since the reason for the employer's refusal to pay benefits no longer existed at least as of the date of the hearing, compensation should have been paid as of that time. *Argonaut Ins. Co.,* supra. The case is affirmed with direction that the trial court remand to the board for further action not inconsistent with this opinion.

*Judgment affirmed with direction. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 18, 1983.

*Edward W. Killorin, Frank W. Virgin,* for appellant.
*Jack F. Witcher,* for appellee.