69413. POULNOT v. DUNDEE MILLS CORPORATION et al.
(328 SE2d 228)

POPE, Judge.

We granted the claimant's application for discretionary appeal to review an order of the superior court reversing an award in his favor by the State Board of Workers' Compensation. The board had reversed the administrative law judge's denial of his claim for compensation.

" 'The findings and conclusions of the full board supersede those of the administrative law judge [cit.], and we are required under the "any evidence" rule to uphold those findings and conclusions.' [Cit.]" *Diers v. House of Hines*, 168 Ga. App. 282 (1) (308 SE2d 611) (1983). "It is the law in this state that if there is any evidence to support a

finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed. Moreover, in determining whether evidence in the case meets the 'any evidence' rule, the evidence will be construed in the light most favorable to the party prevailing before the board and every presumption in favor of the [b]oard's award is indulged. [Cits.]" *Calhoun v. Mergentine/KVN &c.*, 165 Ga. App. 610 (1) (302 SE2d 401) (1983).

Applying the foregoing standard of review, the evidence is sufficient to support the board's award reinstating workers' compensation benefits to the claimant based upon his change in condition. The claimant, employed for approximately forty-six years as a manual laborer in appellee's textile mill, suffered a compensable back injury resulting in surgery and his absence from work for some 4 and one-half to 5 months. The claimant's surgeon discharged him on July 15, 1981 with a permanent partial disability estimated at 15% to the body as a whole. Upon his discharge, the surgeon released the claimant to return to light or moderate work; that is, the claimant's lifting was restricted to weight no more than forty pounds. The claimant received workers' compensation benefits until their termination upon his return to work for appellee on July 26, 1981. Instead of being assigned light or moderate work, he was returned to the normal duties of his pre-injury position which entailed strenuous physical exertion not in keeping with the surgeon's release to work. After seventeen days, he quit due to a gradual worsening of his back pain. Approximately four months later, he returned to seek light duty work from appellee, but he was informed that none was available.

The superior court reversed the board's award to the claimant relying upon *Hartford Acc. &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), for the proposition that the claimant's failure to seek work *elsewhere* precluded an award for change in his condition. We reverse because the superior court applied an erroneous theory of law to the facts of this case. In *Hartford Acc. &c. Co. v. Bristol*, supra, and the cases which follow its holding, the claimant had received an on-the-job compensated injury, had returned to employment in keeping with the physician's release to work whereupon benefits were suspended, and then he was terminated for causes unrelated to the previous injury. As a consequence, in proceedings brought by the claimant to resume benefits due to his change in condition, the burden is on the claimant to show that after he was terminated from his job, he sought suitable employment *elsewhere*. See *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535) (1984), and cases cited therein. Here the factual posture is entirely different. The board found that the claimant returned to his pre-injury position which was not in compliance with the surgeon's release to work. He was not provided with suitable employment by appellee. See generally *Employers*

*Fire Ins. Co. v. Walraven*, 130 Ga. App. 41 (202 SE2d 461) (1973). The claimant attempted to perform such work but when his condition then worsened, he refused to continue and resigned. " 'The mere refusal of an employee to continue in the employment of the employer after having received an injury does not . . . bar him from compensation . . .' *Empire Glass & Decoration Co. v. Bussey*, 33 Ga. App. 464 (3) (126 SE 912) (1924). The refused employment must be 'suitable to (the injured employee's) capacity.' [OCGA § 34-9-240]." *DeKalb County Merit System v. Johnson*, 151 Ga. App. 405, 406-7 (260 SE2d 506) (1979). The focus is whether the employee is able to perform the available work. See Hiers & Potter, Ga. Workers' Compensation — Law and Practice, § 23-7. Although in conflict, the evidence is sufficient to show "that the employer would no longer provide claimant with the light work that he was physically capable of doing and thus an economic change of condition resulted." *Bibb Co. v. Epps*, 143 Ga. App. 540, 541 (239 SE2d 210) (1977). See *Continental Ins. Co. v. Lamar*, 147 Ga. App. 487 (249 SE2d 304) (1978); *Roper Corp. v. Youngblood*, 142 Ga. App. 193 (1) (235 SE2d 593) (1977). See also *Hartford Acc. &c. Co. v. Troglin*, 148 Ga. App. 715 (252 SE2d 213) (1979). See generally *Coats & Clark, Inc. v. Thompson*, 166 Ga. App. 669 (305 SE2d 415) (1983); *Argonaut Ins. Co. v. Marshall*, 144 Ga. App. 217 (240 SE2d 767) (1977); *Liberty Mut. Ins. Co. v. Neal*, 140 Ga. App. 585 (231 SE2d 574) (1976); *Allstate Ins. Co. v. Prance*, 130 Ga. App. 735 (202 SE2d 832) (1974); *St. Paul Fire &c. Ins. Co. v. White*, 103 Ga. App. 607 (1, 2) (120 SE2d 144) (1961); *Royal Indem. Co. v. Warren*, 102 Ga. App. 501 (116 SE2d 757) (1960). The board's award to claimant was, thus, authorized, and the superior court erred in its reversal.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 12, 1985.

*H. Clifton Conrad, Jr.*, for appellant.
*H. P. Arnall, H. A. Stevens*, for appellees.