34952. HARTFORD ACCIDENT & INDEMNITY CO. *et al.* *v.* BARFIELD.

DECIDED JANUARY 26, 1954.

*Marvin G. Russell, Turner Paschall,* for plaintiff in error.

*T. Elton Drake, John M. Williams,* contra.

TOWNSEND, J. Code § 114-503 provides in part as follows: "If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation . . . shall be suspended." Code (Ann. Supp.) § 114-501 provides in part: "The refusal of the employee to accept any medical, hospital, surgical or other treatment when ordered by the Industrial Board shall bar said employee from further compensation until such refusal ceases." Refusal to submit to surgery will not bar the claimant from benefits under the act unless the surgery has been ordered by the board. *City of Atlanta* v. *Padgett,* 68 *Ga. App.* 96 (1) (22 S. E. 2d 197). The board has jurisdiction to determine

whether a refusal of medical services is justified. *Zant* v. *United States Fidelity &c. Co.*, 40 *Ga. App.* 38 (1) (148 S. E. 764) ; *Bituminous Casualty Co.* v. *Dyer*, 62 *Ga. App.* 279 (2) (7 S. E. 2d 415). Surgery, as defined by Webster's International Dictionary, is that branch of medical science concerned with the correction of deformities, repair of injuries, diagnosis and cure of disease, relief of suffering, and prolongation of life by manual and instrumental operations. See 70 C. J. S., Physicians and Surgeons, § 1, p. 804 et seq. An examination of the type here sought, which involves the penetration of living tissue, is much closer to a surgical operation than a simple physical examination, many of which the claimant had submitted to in the past.

Under the above authority, the claimant, upon refusing the myelogram, would not be automatically barred from receiving further compensation, and there was sufficient evidence before the board—including the fact that the claimant had submitted to all other medical examinations and treatments suggested, that other doctors, at a previous hearing, had not recommended this procedure, that the test was not 100% accurate and was in some cases attended by after effects of a painful nature—to support the award finding that the claimant should not be compelled to submit to this procedure.

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*