22301.  CARDIN v. RIEGEL TEXTILE CORPORATION et al.

ARGUED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964—REHEARING DENIED FEBRUARY 18, 1964.

*Wade H. Leonard,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, C. C. Shaw,* contra.

HEAD, Presiding Justice. ■ Attached to the petition as Exhibit "A" is a copy of the stipulation of the parties dated July 8, 1960, and the award thereon by the State Board of Workmen's Compensation on July 13, 1960. The stipulation recites that the employee sustained an injury arising out of his employment on or about November 12, 1959; that pursuant to an award by the board the employee has been paid $30 per week commencing December 25, 1959; that the employee experienced a change of condition on July 7, 1960; that he is entitled to $9.49 per week for the remaining 316 weeks for

permanent partial incapacity for work; and that he has agreed to accept the sum of $3,000 in full and final settlement of all compensation benefits. The agreement of the parties was made the award of the board on July 13, 1960.

When the Board of Workmen's Compensation makes an award based upon an approved agreement of the parties, the only provision of law for further review is upon a change in condition, as provided by *Code Ann.* § 114-709. *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397 (24 SE2d 309). It was ruled on the former appearance of the present case (*Cardin v. Riegel Textile Corp.*, 217 Ga. 797, 799, supra) that: "It is a well established rule that an agreement between an injured employee and his employer, providing for compensation under the act, is, in the absence of fraud, accident, or mistake, binding on the parties." The petition in the present case charges neither fraud, accident, nor mistake, and the assertion that the award approved July 13, 1960, was not made within the terms of the act is not shown by any properly pleaded allegations. See *South v. Indemnity Ins. Co. of North America*, 39 Ga. App. 47 (146 SE 45).

■ The State Board of Workmen's Compensation is not a natural person, partnership, or corporation, but an agency of the State. *Code* § 79-101; Ga. L. 1943, pp. 167, 168 (*Code Ann.* § 54-108). The State has not consented for this agency of the State to be sued and the petition in the present case is in effect a suit against the State. A suit can not be maintained against the State without its consent. See *Cannon v. Montgomery*, 184 Ga. 588 (192 SE 206); *State Board of Educ. v. Board of Public Educ. &c.*, 186 Ga. 783 (199 SE 641); *Roberts v. Barwick*, 187 Ga. 691 (1 SE2d 713); *Florida State Hospital for the Insane v. Durham Iron Works*, 194 Ga. 350 (21 SE2d 216); *Musgrove v. Georgia R. & Bkg. Co.*, 204 Ga. 139 (49 SE2d 26); *Linder v. Ponder*, 209 Ga. 746 (75 SE2d 814). The Commissioner of Labor serves solely in an advisory capacity to the State Board of Workmen's Compensation and has no authority over the board or its acts. Ga. L. 1950, p. 9 (*Code Ann.* § 54-121). The trial court did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*