## 25125. SESSOMS COMPANY et al. v. COLBURN.

FRANKUM, Justice. 1. The provisions of the last sentence of Section 5 of the Act approved February 9, 1968 (Ga. L. 1968, pp. 3, 8) amending *Code* § 114-709 so as to read in part that "An award of the board based upon an approved agreement has the same legal effect and dignity as an award of the board based upon evidence adduced at a hearing of the issues," is not violative of the provisions of Art. III, Sec. VII, Par. VIII of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-1908). That paragraph of the State Constitution provides that "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The caption of the Act above referred to states in part that it is "An Act to amend Code Title 114 relating to workmen's compensation, as amended, so as to . . . provide . . . that the employer and employee may agree that a change in condition has occurred, and the procedure connected therewith." The quoted provisions of the caption sufficiently cover the general subject matter of the Act, to wit: the amendment of the workmen's compensation law. The Act amends several Code sections, all of which deal with and relate directly to the subject matter of workmen's compensation, and since this is true it does not offend Art. III, Sec. VII, Par. VIII of the Constitution of 1945 as the appellee contended before the trial court. *Crews v. Cook,* 220 Ga. 479, 482 (139 SE2d 490). It follows that the trial court erred in holding that the language of the Act quoted in the order is violative of that provision of the Constitution.

2. Section 5 of the 1968 Act above referred to provides, imme-

diately preceding the language quoted therefrom in the first headnote hereof, that "A supplemental memorandum of agreement as to payment of compensation or any other agreement between the claimant and employer duly signed by the parties and approved by the State Board of Workmen's Compensation is, in the absence of fraud, accident, or mistake, conclusive as to such a change in condition." Properly construed, this language limits the grounds upon which an award based upon an approved agreement may be attacked or set aside to the grounds of fraud, accident, or mistake. Assuming, but not deciding, that an employee who signs a supplemental agreement as to the payment of compensation is not estopped to appeal from the award based thereon, and that he is not, by reason of estoppel, restricted to bringing an independent action in equity to set aside such award (see *Cardin v. Riegel Textile Corp.*, 219 Ga. 695 (135 SE2d 284)), the appellee utterly failed to make any showing before the judge of the superior court, insofar as the record before this court reveals, that his signing of the supplemental agreement reducing disability to his right leg from 100% to 50% was procured by fraud, or resulted from accident, or mistake, and in the absence of such a showing the order setting aside the award was not authorized.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1969—DECIDED APRIL 24, 1969.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.,* for appellants.

*Jack J. Helms,* for appellee.