44601. CAMERON v. AMERICAN CAN COMPANY.

EBERHARDT, Judge. Claimant in this workmen's compensation case sustained a back injury doing lifting work on June 18, 1967, and a form 16 agreement to pay compensation at the rate of $37 per week was approved by the board on August 7, 1967. On December 2, 1967, the employer filed a request for a hearing based upon a change in condition contending that claimant could go back to work at a job suitable to his physical capacity but had refused. At the hearing before the deputy director there was introduced a letter dated November 27, 1967, from the employer to claimant reciting prior telephone and personal conversations with claimant in regard to returning to work and reiterating the employer's position that the job of "reinspection" of carbonated beverage cans, a sedentary job which it was felt plaintiff could perform, was still open for him. Claimant testified that "American Can Company has an easy job for me to do working in re-work [reinspection for quality]" but that he was unable to perform it. The deputy director found from the letter of November 27 that the employer offered claimant the job but that he was unable to perform it, and that he remained totally incapacitated from the injury until the third week in January, 1968, when he began working for a pharmacy driving a pick-up truck and delivering drugs. An award was accordingly entered based upon partial instead of total incapacity.

Upon the employer's appeal to the full board it was ordered that the case be "remanded for the purpose of taking additional evidence as to the nature of the employment offered to the claimant and medical evidence as to the claimant's ability to perform the work which was offered to him. The majority of the full board is of the opinion that this evidence is necessary in order that an intelligent and equitable award can be rendered in the case." The board allowed the parties 45 days to complete the evidence by deposition or 15 days to

request an additional hearing before the deputy director. Pursuant to this order the employer took the deposition of its employee, Henry McCusker, who testified regarding the nature of the offered employment, and the deposition of Dr. Warner Wood, who testified that in his opinion claimant could have performed the job at the time it was offered to him. The full board then found that the claimant refused employment offered to him by the employer on November 27 which was "sedentary in nature and required no physical exertion beyond that of merely being present in person for minor duties. The medical testimony revealed that the claimant's medical condition was such that he was capable of performing the duties of the employment offered to him." The board was therefore of the opinion that claimant's refusal to accept the employment suitable to his impaired condition was unjustifiable, and accordingly it suspended his right to compensation. The superior court affirmed, and the claimant appeals. *Held:*

1. (a) Claimant contends that the board acted outside of and in excess of its powers when it ordered the taking of additional testimony as to the character of the offered job and as to claimant's ability to perform it. This argument, as we understand it, is based upon the final sentence of Rule 17 of the board which provides: "Where a hearing has been set upon a request to show a change in condition and if there be medical questions involved, the movant shall introduce the medical evidence supporting such change in condition at the time of the hearing, either by testimony or deposition or any other way evidence may be introduced in trials of the superior courts of this State." Rules and Regulations, State Board of Workmen's Compensation, Appendix (*Code Ann. Title* 114). This rules does not deal with the discretion of the board to order the taking of additional testimony but appears to have as its purpose the requirement that movant's medical evidence shall be introduced at the change-of-condition hearing itself rather than holding the record open for such evidence. See Rule 20 of the board. It cannot seriously be questioned that the full board has discretion to order the taking of additional testimony. *Code Ann.* § 114-708; *Young v. American Ins. Co.,* 110 Ga. App. 269 (1) (138 SE2d 385); *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677 (4) (112 SE2d 273); *Etheridge v. Liberty Mut. Ins. Co.,* 86 Ga. App. 369 (1) (71 SE2d 526); *Adams v. Utica Mut. Ins. Co.,*

88 Ga. App. 386, 388 (76 SE2d 709); *American Mut. Liab. Ins. Co. v. Hardy*, 36 Ga. App. 487 (3) (137 SE 113). *Code* § 114-703 confers rule-making authority upon the board, and pursuant thereto the board established Rule 22 which provides: "When, in the discretion of the board, additional evidence is necessary for the completion of the record in a case on review, the full board will order the taking of such evidence before it." The balance of this rule deals with the circumstances under which the litigants themselves may make application to introduce new evidence on review. We find no merit in the contention that the board disregarded its own rules in ordering the taking of additional testimony or that it exceeded its powers.

(b) Claimant contends that the full board was not authorized to order the taking of additional testimony for another reason. It is urged that the employer's attorney stated at the close of the hearing that no further evidence was desired and that he was therefore estopped from seeking to offer additional evidence before the full board. It is then argued that since the party was estopped, the board itself was not authorized to order the taking of additional testimony. This argument is without merit. In the first place the employer's attorney *did* desire the record to be held open for the taking of medical testimony but counsel for claimant refused to waive the provisions of Rule 17 and allow the testimony to be taken by agreement. Thus there is no inconsistency in the employer's positions. In the second place even if the employer were estopped from making application to take additional testimony, it does not follow that the board itself, in its discretion and under its statutory authority, could not order it taken, as it did here.

2. It is next contended that the testimony of Dr. Wood had no probative value on the question of change in condition since he first saw claimant on November 3, 1967, and did not see him at the time of the original condition for which compensation was agreed to be paid. See *Phinese v. Ocean Accid. &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921); *Travelers Ins. Co. v. Boyer*, 102 Ga. App. 248 (116 SE2d 6); *Federal Ins. Co. v. Spooner*, 107 Ga. App. 175 (129 SE2d 214). However, the award of the board does not rest upon a change in condition but upon a finding that claimant was not justified in refusing employment tendered him which was suitable to his ca-

pacity. *Code* § 114-407 provides: "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the State Board of Workmen's Compensation such refusal was justified." Thus the controlling issues were the nature of the work offered and claimant's ability to perform it at that time, and Dr. Wood's testimony was proof of claimant's condition at the time the work was offered. See *Waters v. National Biscuit Co.*, 113 Ga. App. 170, 175 (147 SE2d 676).

3. The evidence fully supports a finding that claimant was offered employment that he could perform at the same wages he earned at the time of his injury and that he unjustifiably refused it. The board was therefore authorized to suspend compensation under *Code* § 114-407.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969.

*Leroy Langston, Hugh F. Newberry, George A. Haas,* for appellant.

*Sanders, Mottola, Haugen & Wood, Walter D. Sanders, Willis G. Haugen,* for appellee.