71696. CLARK v. GEORGIA KRAFT COMPANY et al.
(345 SE2d 61)

McMURRAY, Presiding Judge.

Workers' compensation. Claimant suffered a compensable injury on December 28, 1981. The injury necessitated the amputation of claimant's left arm above the elbow. Claimant was fitted with a myoelectrical prosthetic arm and he returned to work. At that time, the employer gave claimant a job in the shipping department where claimant experienced considerable difficulties when he worked. The work area was not air conditioned and the hot environment caused a severe rash near the harness of the prosthetic arm. Moreover, the myoelectrical device malfunctioned in the work area on account of perspiration. To remedy the situation, the employer proposed the cre-

ation of a courier position for claimant. In the new position, claimant would receive the same wage he was earning previously. The job called upon claimant to distribute mail inside the plant and to go on errands outside the plant in an air conditioned truck.

Claimant refused the proposed courier job as he maintained that the job was unsatisfactory because he would still be exposed to non-air conditioned areas in the plant and, more importantly, it offered no challenge and no opportunity for advancement. Thereafter, claimant ceased working because of the difficulties he encountered in the shipping department work area. Claimant sought the reinstatement of benefits alleging that he had undergone a change of condition for the worse. The employer acknowledged that claimant was unable to continue working in the shipping department, but defended the change of condition request, however, on the ground that it offered other work (the courier job) to claimant which was suitable to his capacity.

Following a hearing, the administrative law judge (ALJ) determined that the proffered employment was within claimant's physical capacities. Nevertheless, the ALJ concluded that claimant was justified in refusing the courier job because it did not provide "a reasonable opportunity for advancement and growth and a correlation with the [claimant's] interests and aptitudes." Accordingly, the ALJ found that claimant did undergo a change of condition. He ordered the resumption of temporary total disability benefits and vocational rehabilitation training for claimant.

The employer appealed the ALJ's award directly to the superior court. Holding that the facts did not show claimant justifiably refused the courier job, the superior court reversed the award of the ALJ. We granted claimant's application for a discretionary appeal and the case is here for review. *Held:*

OCGA § 34-9-240 provides: "If an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal *unless in the opinion of the board such refusal was justified.*" (Emphasis supplied.) Under this statute, the board is empowered to determine whether a refusal of employment is justified. See *Hartford Accident & Indem. Co. v. Barfield,* 89 Ga. App. 562 (80 SE2d 84). Such a determination is a discretionary one. *Empire Glass &c. Co. v. Bussey,* 33 Ga. App. 464 (3) (126 SE 912). See *Columbus Foundries v. Moore,* 175 Ga. App. 387 (333 SE2d 212). In fact, the board is vested with a broad discretion in determining whether proffered employment is refused justifiably. See *City of Atlanta v. Padgett,* 68 Ga. App. 96, 109 (22 SE2d 197). In this regard, we note that the State Board of Workers' Compensation is an administrative agency, *Cardin v. Riegel Textile Corp.,* 219 Ga. 695, 697 (2) (135 SE2d 284), *Plummer v. State,* 90 Ga. App. 773, 777 (84 SE2d 202),

and that the courts must give due deference to the wisdom of the board in deciding discretionary issues within its area of expertise. See generally *Bentley v. Chastain*, 242 Ga. 348, 350, 351 (249 SE2d 38).

In the exercise of his discretion, the ALJ determined that claimant justifiably refused the courier job. It was the considered opinion of the ALJ that a claimant justifiably could refuse a job where it offered him no challenge and no opportunity for advancement. This was a rational determination; it did not constitute an abuse of the ALJ's discretion. See generally 63 ALR Annot. 1241 (1929).

In reversing the decision of the ALJ, the superior court ruled that claimant did not justifiably refuse the proffered job. In so doing, the superior court failed to give due respect to the decision of the ALJ; it merely substituted its judgment for that of the ALJ. This the superior court could not do. See *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741).

The case of *McDaniel v. Roper Corp.*, 149 Ga. App. 864 (256 SE2d 146), upon which the superior court principally relied, is not apposite. In *McDaniel*, the board determined that the employee did not refuse light work justifiably. The superior court and this court affirmed. In the case sub judice, on the other hand, the ALJ found that claimant did refuse the proffered job justifiably. Since it cannot be said that this determination exceeded the power of the board or was contrary to law, the superior court erred in reversing the award. See OCGA § 34-9-105 (d).

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED MAY 2, 1986 —

*E. Earl Mallard, M. John Wilson*, for appellant.
*Mallory C. Atkinson, Jr., Elton L. Wall*, for appellees.