## 72675. HOWARD v. SCOTT HOUSING SYSTEMS, INC.
### (350 SE2d 27)

Pope, Judge.

On August 24, 1983 claimant-appellant Howard suffered an on-the-job injury while working for employer-appellee Scott Housing Systems, Inc. The accident was accepted as compensable and claimant began receiving workers' compensation benefits for temporary total disability. In July 1984, while still receiving these benefits, claimant was arrested and jailed on felony charges. On August 10, 1984 employer offered claimant a job which had been approved by claimant's physician as suitable employment for his impaired physical condition. Claimant did not accept the job or report for work because he was incarcerated pending trial.

A hearing was held on January 16, 1985 on employer's requested suspension of claimant's benefits due to his refusal to take the offered job. The record was left open for receipt of additional evidence. The Administrative Law Judge ("ALJ") issued an award on April 22, 1985 which stated in pertinent part: "On April 1, 1985, claimant pleaded guilty to an indictment charging him with murder and armed robbery. Claimant was sentenced to life imprisonment. Accordingly, claimant has unjustifiably refused to accept the tendered employment as his inability to accept was brought about by his own wilful misconduct. The employer/insurer are authorized to suspend payment of the income benefit for total disability effective from January 17, 1985." The ALJ's award was adopted by the full board. The superior court affirmed the award and claimant's application for discretionary appeal was granted by this court.

1. Claimant challenges the sufficiency of the evidence, specifically that in support of the finding that the job offered him on August 10, 1984 was suitable to his physical capacity. It is axiomatic that a finding of fact by the full board, when supported by any evidence, is conclusive and binding upon the superior court and this court. *Walton County v. Williams*, 171 Ga. App. 779 (320 SE2d 846) (1984); *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981). We find ample record evidence to show the suitability of the job offered to claimant by employer.

2. Claimant enumerates as error that part of the award which orders the suspension of his workers' compensation benefits effective January 17, 1985. To the contrary, claimant argues that he is entitled to receive such benefits until the date of his adjudication of guilt, April 1, 1985. We agree and reverse.

OCGA § 34-9-240 provides: "If an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal was

justified." On August 10, 1984 employer offered a suitable job to claimant who did not accept the position by reporting for work because he was incarcerated pending trial and final adjudication of guilt. The award of the ALJ, adopted by the board and affirmed by the superior court contains the following: "Claimant was sentenced to life imprisonment. Accordingly, claimant has unjustifiably refused to accept the tendered employment as his inability to accept was brought about by his own wilful misconduct." Benefits were then suspended effective from January 17, 1985, the date following the hearing.

The general problem created by the post-injury incarceration of the workers' compensation claimant has been dealt with in the reported cases of only a handful of states. See 1C Larson, Workman's Compensation Law, § 47.31(g). We have found no case law addressing the precise issue in this case, which is whether claimant's incarceration *pending adjudication of his guilt* justified his refusal of suitable employment within the meaning of OCGA § 34-9-240.[1] However, among those cases falling into the broad category involving imprisoned claimants, it is clear that incarceration standing alone is not a valid ground for termination of workers' compensation disability benefits. See, e.g., *Matter of Injury to Spera*, 713 P2d 1155 (6) (Wyo. 1986); *DeMars v. Roadway Express*, 99 Mich. App. 842 (298 NW2d 645) (1980); *Sims v. R. D. Brooks, Inc.*, 389 Mich. 91 (204 NW2d 139) (1973). Arising from a similar situation, the opinion in *Bilello v. A. J. Eckert Co.*, 43 AD2d 192 (350 NYS2d 815) (1974), provides persuasive reasoning. "A confinement which precludes participation in the labor market is not alone sufficient to deprive a former employee who has suffered a work-related disability of his right to benefits . . . To deny a claimant benefits while he is incarcerated awaiting trial is an unfair situation. It favors a defendant who is capable of posting bail over one who is unable to do so. Any rule which has the effect of predicating the right to compensation benefits upon the ability to furnish bail presents a serious question of denial of equal protection of the laws under the Fourteenth Amendment." (Indention omitted.) Id. at 194. We hold that such refusal was justified and further clarify by stating that where the claimant is receiving workers' compensation benefits at the time of his arrest, his incarceration pending adjudica-

---

[1] We note that the factual posture of this case raises the possibility of payment of benefits during incarceration only until the adjudication of guilt. Claimant does not challenge the suspension of his benefits effective from the time of the adjudication of his guilt. We specifically do not address any question of whether workers' compensation benefits for a pre-arrest injury are available to an incarcerated claimant who, either before or after adjudication of guilt, is physically unable to return to work or to whom no offer of suitable employment is tendered. See *Cincinnati Ins. Co. v. Roberts*, 148 Ga. App. 60 (251 SE2d 87) (1978). See generally *DeMars v. Roadway Express, Inc.*, infra; *Sims v. R. D. Brooks, Inc.*, infra.

tion of his guilt justifies his refusal of suitable employment which is offered to him while he is incarcerated but before he is adjudicated guilty. Therefore, claimant is entitled to receive benefits for the time he was imprisoned until April 1, 1985, the date he was adjudicated guilty.

We are aware that "the board is vested with a broad discretion in determining whether proffered employment is refused justifiably." *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884, 885 (345 SE2d 61) (1986). Nevertheless, where as here the claimant's refusal of suitable employment is justified as a matter of law, the board's ruling to the contrary is an abuse of discretion. The order of the superior court affirming the award of the board is reversed and the award remanded to the board for issuance of an award conforming to this opinion.

3. Claimant also asserts that the superior court erred in affirming the board's award denying payment to Dr. J. W. Bickerstaff for medical care rendered to claimant. The record contains employer's notice to controvert payment to Dr. Bickerstaff dated June 7, 1984. The only other indication that payment to Dr. Bickerstaff was challenged appears in the hearing before the ALJ at the point claimant's counsel tendered claimant's medical bills. Counsel for employer objected to Dr. Bickerstaff's medical bills and bills for claimant's prescription drugs as unauthorized medical expenses. We find no evidence in the record in support of employer's claim that Dr. Bickerstaff's treatment of claimant was unauthorized. While certainly not dispositive of the question, we notice that on numerous occasions throughout the record employer refers to Dr. Bickerstaff as claimant's treating physician and his attending physician. Indeed, after the notice to controvert payment of Dr. Bickerstaff's bills was filed, employer presented Dr. Bickerstaff with the job description for the position offered claimant on August 10, 1984. It is Dr. Bickerstaff's approval of that job which forms the basis for employer's claim that it was "suitable employment."

Because the record is devoid of any evidence to support the employer's claim that Dr. Bickerstaff's treatment was unauthorized, the part of the award denying payment of his medical bills is also reversed and remanded to the board for findings consistent with this opinion.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 10, 1986 —
REHEARING DENIED OCTOBER 29, 1986

Willie Lee Howard, *pro se.*

*Bruce M. Walker*, for appellee.