## 76073. SARGENT et al. v. BROWN.
(368 SE2d 826)

POPE, Judge.

Claimant in this workers' compensation case was injured on August 24, 1984 when he cut his left wrist and arm while using a chainsaw to cut timber. Claimant's employer accepted the accident as compensable and began paying workers' compensation benefits. Benefits continued to be paid until August 1986 when, at the behest of the employer, an interlocutory order was issued suspending the payment of benefits based upon claimant's refusal to cooperate with medical treatment.

At the hearing subsequent to the issuance of the order, claimant testified that he had failed to keep appointments with his treating physician because he had been incarcerated during the period in question. Further testimony revealed that claimant was incarcerated because he allegedly violated his probation by committing another crime; however, it was subsequently determined that claimant had been falsely accused of committing this crime and all charges against him were dismissed and he was released from custody. Pursuant to this testimony, the Administrative Law Judge (ALJ) "found that the claimant did not keep an appointment with [his treating physician] due to his incarceration on a criminal charge which has not been prosecuted, [and hence found] that the claimant's refusal to cooperate was not unreasonable . . . ," and ordered that claimant be paid benefits for the time he was incarcerated. The State Board of Workers' Compensation and Superior Court of Dooly County affirmed the ALJ's award.

The only issue for resolution on appeal is whether the ALJ erred in holding that the claimant was entitled to receive benefits during the period of his incarceration based on the holding in *Howard v. Scott Housing Systems*, 180 Ga. App. 690 (2) (350 SE2d 27) (1986). In *Howard*, we considered a similar issue and found that the claimant in that case was justified in refusing suitable employment which was offered to him while he was incarcerated but before he was adjudicated guilty. On certiorari, the Supreme Court agreed and held that

"[i]n workers' compensation cases where the employee is charged with a crime while receiving benefits, . . . the proper time for termination of benefits is the date of adjudication of guilt." *Scott Housing Systems v. Howard*, 256 Ga. 675 (353 SE2d 2) (1987).

The employer urges that *Howard* is not controlling in the present case because claimant's incarceration related to a probation violation for a previous conviction and as such was punishment for a crime for which he had already been convicted. We disagree that the reasoning in *Howard* is inapplicable here. Before a decision to revoke probation is made, the probationer must be accorded due process, including notice and an opportunity to be heard. *State v. Brinson*, 248 Ga. 380 (1) (283 SE2d 463) (1981), and cits. Hence, just as an adjudication of guilt is necessary before benefits may be properly terminated when a claimant is charged with a crime, a probation revocation hearing must be held and a determination made that a probation violation has in fact occurred before a claimant's benefits may be terminated. In the case at bar, the record evidence, consisting primarily of claimant's testimony, indicates that such a hearing was never held, and that the claimant was simply held on the probation violation until it was determined that the charges against him were false, and the basis for revoking his probation evaporated. Under these facts, we agree that claimant was entitled to receive benefits for the entire period of his incarceration.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 21, 1988.

*E. Harold Stone*, for appellants.
*Steven E. Marcus, Thomas M. Butler*, for appellee.