A90A0671. WISE v. CITY OF ADEL et al.
(394 SE2d 540)

DEEN, Presiding Judge.

The appellant, William Wise, injured his left elbow during his employment as a captain of the appellee's fire department, and received workers' compensation benefits. Eventually, he returned to work, but he continued to experience pain and stiffness in the injured elbow; his treating physician recommended a change to light work, and the appellee consequently offered to employ Wise as a radio dispatcher for the appellee's police department. This shift would have involved a salary reduction, but the appellee also indicated that it would pay Wise temporary partial disability benefits and transfer him back to the fire department when he was physically able to return to normal duty. Wise refused this offer of light duty, because it would have required giving up a part-time job at a bank that he had been able to maintain with the work schedule of the fire department (on 24 hours, off 48 hours). Even including receipt of temporary partial disability benefits, the proposed job transfer to the police department would have resulted in an income reduction of $163 per week.

When Wise refused the police department dispatcher job, the appellee suspended all benefits, and the administrative law judge denied Wise's claim for recommencement of disability income benefits. The full board, however, reversed, after finding that the police dispatcher job was not suitable employment and that Wise had been justified in refusing it. The superior court in turn found as a matter of law that the light duty job offered to Wise was suitable employment, and reversed the full board. We granted this discretionary appeal, and reverse the superior court.

OCGA § 34-9-240 provides that "[i]f an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal was justified." In *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884, 885 (345 SE2d 61) (1986), this court emphasized that "the board is vested with

a broad discretion in determining whether proffered employment is refused justifiably." In *Clark*, this court found no abuse of discretion in the board's determination that the employee justifiably refused proffered employment that presented no challenge or opportunity for advancement. Similarly, we find no abuse of discretion in the board's determination of that issue in the instant case. Cf. *McDaniel v. Roper Corp.*, 149 Ga. App. 864 (256 SE2d 146) (1979).

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

It should be noted that what we are holding is that the justification for the employee's refusal need not be a lack of physical capacity for the job in its circumstances. In *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884 (345 SE2d 61) (1986), the refusal was based on mental capacity; the employee was physically capable for the job, but his mental capacity exceeded its demands and career potential, so the board could find it not "suitable to his capacity."

In *McDaniel v. Roper Corp.*, 149 Ga. App. 864 (256 SE2d 146) (1979), on the other hand, the refusal was not related to capacity at all; the employee was physically capable, and the refusal related not to mental incapacity or over-capacity, but to the employee's mere desire not to work the time offered. Such a refusal would have to be regarded as unjustified under the law. *Poulnot v. Dundee Mills Corp.*, 173 Ga. App. 799 (328 SE2d 228) (1985), cited by appellee, involves physical incapacity, but its holding does not mean that the statute contemplates physical capacity exclusively. There is a correlation in the statute between the job's being suitable to the employee's capacity and the reason for the employee's refusal of employment. If the reason is related to the employee's "capacity" in the broad sense of the word, then the board has discretion to use its judgment to decide whether the reason is "justified." If the reason is not related to such capacity, and the board finds the job in its circumstances to be suitable to that employee, it would be compelled to reject the refusal as unjustified.

In the instant case, the job offered was physically suitable for the employee, but his capacity for additional gainful employment which conflicted with the job offered authorized the board to find that the job was not suitable "to his capacity." That being the case, it had discretion to accept the refusal as justified.

DECIDED APRIL 19, 1990 —
REHEARING DENIED MAY 9, 1990 —

*Morris & Webster, Craig A. Webster,* for appellant.
*Young, Young & Clyatt, Robert M. Clyatt,* for appellees.