S90G1156. CITY OF ADEL et al. v. WISE.
(401 SE2d 522)

FLETCHER, Justice.

Appellee Wise was employed as a fire captain for appellant, the

City of Adel. Wise sustained an on-the-job injury for which he was treated and placed on light-duty work. When Wise declared his inability to perform the light-duty work, the city offered him a job as a dispatcher for the city's police department, with the promise that as soon as Wise was physically able, he would be returned to his job with the fire department at no loss of pay or seniority. It is undisputed that Wise is physically capable of performing the proffered job. However, Wise declined this position solely because the hours conflicted with another part-time job he has held for seven years.

When Wise refused to report to the police department for work, the city suspended all benefits. Wise then instituted this action seeking to reinstate workers' compensation disability income. OCGA § 34-9-240 provides:

> If an injured employee refuses employment procured for him and *suitable to his capacity*, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal was justified. (Emphasis supplied.)

The administrative law judge found that the dispatcher job was suitable to Wise's capacity and denied his request for disability benefits. On de novo hearing, the State Board of Workers' Compensation reversed. The board found that if Wise accepted the dispatcher's job, he would be required to give up the part-time job he had held for seven years. Even with the partial disability benefits Wise would receive, he would suffer a net loss in wages. The board concluded that "in light of these factors" the city did not offer Wise "suitable employment" within the meaning of OCGA § 34-9-240.

On appeal, the Superior Court of Cook County reversed the board, finding as a matter of law that the proffered employment was "suitable to the capacity" of Wise. The Court of Appeals reversed the superior court. *Wise v. City of Adel*, 195 Ga. App. 559 (394 SE2d 540) (1990). The Court of Appeals did not address the issue of whether the employment was suitable to Wise's capacity; rather, it determined that the board did not abuse its discretion in finding that Wise was justified in refusing the proffered employment.

This court granted certiorari to determine whether the potential loss of a part-time job may be considered as a factor in determining whether a job offered by an employer is "suitable to the capacity" of an employee within the meaning of OCGA § 34-9-240. We conclude that it may not, and reverse.

The test of OCGA § 34-9-240 is two-pronged. The board must first determine whether the employment offered by the employer and refused by the employee is "suitable to [the] capacity" of the em-

ployee. If the board finds that the proffered employment is suitable within the meaning of the statute, the employee is not entitled to compensation during the continuance of his refusal to work "unless in the opinion of the board such refusal was justified."

The cases make it clear that the phrase "suitable to his capacity" refers to the employee's capacity or ability to perform the work within his physical limitations or restrictions. *Howard v. Scott Housing*, 180 Ga. App. 690 (350 SE2d 27) (1986); *Universal Ceramics v. Watson*, 177 Ga. App. 345 (339 SE2d 304) (1985); *Poulnot v. Dundee Mills Corp.*, 173 Ga. App. 799 (328 SE2d 228) (1985); *Cameron v. American Can Co.*, 120 Ga. App. 236 (170 SE2d 267) (1969).[1] Thus, once the board determines that the proffered employment is suitable to the employee's physical abilities to perform it, the employee's refusal to accept the employment will terminate compensation "unless in the opinion of the board such refusal was justified." OCGA § 34-9-240.

As pointed out by the Court of Appeals in this case, the board has a wide discretion to determine whether the employee's refusal was justified. *Wise*, supra at 560. However, to say that this discretion is without limits would render meaningless the first prong of the statute. The board would have the power to find under any circumstance that the employee was justified in refusing to accept work which he was physically capable of performing. Such an interpretation would not carry out the intent of the legislature.

Rather, we conclude that the employee's refusal to accept employment must relate, in some manner, to his physical capacity or his ability to perform the job in order for his refusal to be justified within the meaning of OCGA § 34-9-240. For example, in *McDaniel v. Roper Corp.*, 149 Ga. App. 864 (256 SE2d 146) (1979), the board correctly concluded that the employee's refusal to accept the proffered employment because she did not want to work on the second shift was not related to her physical ability to perform the job and, therefore, was not justified within the meaning of OCGA § 34-9-240.

The result reached in *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884 (345 SE2d 61) (1986), was correct as the board could have found that the employee was justified in refusing employment which required him to spend time in parts of the plant which were not air-conditioned, a situation which adversely affected his prosthetic arm and his ability to work. Also, an employee who has been charged with a crime

---

[1] This is the rule in foreign jurisdictions with statutes virtually identical to OCGA § 34-9-240. See, e.g., Ark. Stat. Ann. § 81-1313 (h); *Grigg v. Tyson Foods, Inc.*, Arkansas Court of Appeals # 85-83 (1985) (unpublished); 19 Del. C. § 2353 (c); *Moore v. Perdue*, # 90-09-001 (Superior Court of Delaware 1991) (unpublished); *Retreat Rest Home v. Porter*, 554 S2d 1198 (Fla. App. 1989); *Hamlin v. Michigan Seat Co.*, 314 NW2d 804 (Mich. App. 1981).

and incarcerated pending adjudication of guilt would be justified in refusing proffered employment because his incarceration deprives him of the capacity to perform the work proffered. See *Howard v. Scott Housing*, supra.

Other jurisdictions appear to follow this rule, and have held that an employee's refusal to accept employment which is non-union is unrelated to the employee's capacity to perform, and therefore the refusal is not justified. *Hamlin v. Michigan Seat Co.*, 314 NW2d 804 (Mich. App. 1981). Further, it is not unreasonable for a nurse to refuse a typing job which she is physically capable of performing, but lacks the skills to perform. *Shogren v. Bethesda Lutheran Med. Cntr.*, 359 NW2d 595 (Minn. 1984). Nor is a refusal to accept work which requires relocation from one's home, and is therefore life-disrupting, unreasonable. *Acco-Babcock, Inc. v. Counts*, #87A-JL-1 (Superior Court of Delaware 1988).

We hold that the discretion afforded the board under OCGA § 34-9-240 to determine that an employee's refusal of proffered work is justified must relate to the physical capacity of the employee to perform the job; the employee's ability or skill to perform the job; or factors such as geographic relocation or travel conditions which would disrupt the employee's life.

It is not disputed that the employment offered in this case was suitable to Wise's physical ability to perform. The trial court correctly held that under OCGA § 34-9-240 the employment was suitable to Wise's capacity as a matter of law and that it was error for the board to consider the potential loss of a part-time job in determining whether the employment was suitable. Therefore, the Court of Appeals erred in reversing this decision.

*Judgment reversed. Clarke, C. J., Bell, Fletcher, JJ., and Judge Faye S. Martin, concur; Hunt, J., concurs in the judgment only; Smith, P. J., and Benham, J., dissent; Weltner, J., not participating.*

BENHAM, Justice, dissenting.

This case, like all too many lately, has had a see-saw journey through the various tribunals of this state. The administrative law judge found in favor of the employer. The full board reversed, finding for the employee. The superior court reversed the full board, finding for the employer. The Court of Appeals reversed the superior court, reinstating the award in favor of the employee. And now a majority of this court reverses the Court of Appeals.

This tortured journey does nothing to add to the stability and predictability of the law. It has taken place because courts have attempted to substitute their judgment for the judgment of an administrative agency designed to function effectively and expertly in the area of industrial accidents. Desiring to return discretion to the body

designed by the legislature to exercise it, with the courts' oversight limited to an "abuse of discretion" standard, I must resist the effort to stifle that discretion.

In *Wise v. City of Adel*, 195 Ga. App. 559 (394 SE2d 540) (1990), the Court of Appeals stated succinctly the rule of law applicable to this case:

> OCGA § 34-9-240 provides that "[i]f an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal was justified." In *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884, 885 (345 SE2d 61) (1986), this court emphasized that "the board is vested with a broad discretion in determining whether proffered employment is refused justifiably."

This court is now changing that rule by hemming in the discretion of the board and limiting it to specific factors.

The majority's division of the test in OCGA § 34-9-240 into two prongs is eminently logical. However, in an effort to salvage the capacity prong of the test by limiting the justification prong, the majority has actually destroyed the justification prong. Requiring some relation between the refusal to accept employment and the employee's physical capacity or ability to perform the job merely restates the capacity requirement. There is no need to save either prong of the test because they refer to entirely different matters. The capacity prong of the test asks whether the employee has the appropriate ability and skill to do the job; the justification prong assumes capacity and asks whether there are other reasons why the employee may be justified in refusing the proffered alternative employment. In other words, the justification prong asks whether the refusal to accept alternative employment is reasonable.

In considering what reasons would make a refusal to accept alternative employment justified, we should consider the underlying purpose of OCGA § 34-9-240: mitigation of damages. In *Bower v. Whitehall Leather Co.*, 412 Mich. 172 (312 NW2d 640) (1981), the Supreme Court of Michigan examined the doctrine of "favored work," a judge-made analogue to the provisions of OCGA § 34-9-240, and concluded that the reasonableness of the employee's refusal of alternative employment is an essential element to be considered.

> The primary purpose of the doctrine is that of mitigation. . . . The common-law doctrine of mitigation is founded upon notions of reasonableness: "If the effort, risk, sacrifice,

or expense which the person wronged must incur in order to avoid or minimize a loss or injury is such that under all the circumstances, a *reasonable* man might well decline to incur it, a failure to do so imposes no disability against recovering full damages." [Cit.] . . .

Application of a reasonableness standard requires a court to examine the facts and circumstances in each case. [The employer] argues that even if a claimant's actions must be evaluated in terms of reasonableness, as a matter of law it is never reasonable to refuse favored work the employee is physically able to perform; in other words, the court may consider only facts and circumstances relating to physical capability. We disagree. The facts of the instant case especially illustrate that non-physical factors may also be relevant to important policies of the statute which should not be discouraged through a rigid application of the favored-work doctrine. [Id. at 312 NW2d 644-645.]

This case offers the perfect opportunity to apply a test of reasonableness. Acceptance of the proffered alternative employment by Wise would have required a net drop in income of $163 per month and loss of a job he had held for seven years. To suggest that a claimant in those circumstances would not be reasonable in refusing the proffered alternative employment is to ignore the economic realities of our time.

Imposition of the limitedness the majority suggests will strip the Board of Workers' Compensation of the discretion vested in it by the legislature. The Court of Appeals aptly expressed that grant of discretion and the obligation it places on the judiciary in *Clark v. Ga. Kraft Co.*, supra at 885:

Under [OCGA § 34-9-240], the board is empowered to determine whether a refusal of employment is justified. [Cit.] Such a determination is a discretionary one. [Cits.] In fact, the board is vested with a broad discretion in determining whether proffered employment is refused justifiably. [Cit.] In this regard, we note that the State Board of Workers' Compensation is an administrative agency, [cits.] and that the courts must give due deference to the wisdom of the board in deciding discretionary issues within its area of expertise. [Cit.]

The majority opinion in this case lacks that deference and attempts to control the discretion of the board. That is not our role. The legislature put the discretion in the hands of the board and this court's

proper role is to defer to that discretion unless it is manifestly abused. Applying a rule of reasonableness is not a manifest abuse of discretion.

Because I am convinced that the board properly exercised its discretion in the present case and that the majority's rulings will cripple the board in carrying out the duties mandated by the legislature, I must respectfully dissent.

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED MARCH 7, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Young, Young & Clyatt, Robert M. Clyatt, Daniel C. Hoffman,* for appellants.
*Morris & Webster, Craig A. Webster,* for appellee.