A98A1418. WAL-MART STORES, INC. et al. v. HARRIS.
(506 SE2d 908)

BEASLEY, Judge.

We granted this discretionary appeal to determine whether an employer is responsible for temporary partial disability benefits where the employee refuses the employer's offer of full-time suitable work and instead accepts a part-time position with another employer.

Brenda Harris, who was hired as a stocking clerk by Wal-Mart Stores, Inc. in September 1996, was injured at work on December 12. After she was released for light-duty work, Wal-Mart made such work available to her. Harris returned to Wal-Mart on January 17, 1997, but left the job after two hours because of pain and discomfort. She never returned to work at Wal-Mart. On April 14 she accepted a part-time, light-duty position as a sitter for an elderly woman.

Harris sought temporary total disability benefits for the time she was out of work until she began the sitter job plus temporary partial benefits thereafter. Following an all issues hearing, the ALJ awarded Harris temporary total disability benefits from the date of injury until the date of return to Wal-Mart. The ALJ found Harris to be capable of performing light-duty work, and that Wal-Mart has continued to offer her such work since January 17, 1997. The ALJ found Harris's refusal of suitable light-duty work to be unjustified and denied any benefits from the day of short-lived work resumption until the day Harris accepted the sitter job. Up to this point the findings are not in dispute in this appeal. The rub comes because temporary partial disability benefits from the latter date were awarded and continue, due to Harris's reduction in earnings in the part-time sitter job.

The appellate division upheld the award but also assessed a 15 percent penalty on the accrued temporary total disability benefits and the temporary partial disability benefits through the date of the ALJ's award. The superior court affirmed the award based on the any evidence rule.

OCGA § 34-9-240 (a) provides that "[i]f an injured employee

refuses employment procured for him or her and suitable to his or her capacity, such employee shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal was justified." An employee's unjustified refusal of suitable work does not forever bar compensation if the proffered work becomes unavailable, but the disqualification lasts the duration of the refusal.[1]

Wal-Mart contends that inasmuch as it offered suitable work to Harris when she became capable of it and has never withdrawn that offer, Harris's continued and unjustified rejection disqualifies her for any income benefits as of that date. Wal-Mart argues that it is inconsistent with the statutory intent of OCGA § 34-9-240 (a) to allow an employee to refuse an employer's offer of full-time suitable work at a pre-injury wage, accept a part-time position with another employer instead, and require the employer to subsidize the income difference by payment of partial disability benefits. That is so. The finding of partial disability after April 14 is wholly inconsistent with the finding of no compensable disability between January 17 and April 14.

"[T]he discretion afforded the board under OCGA § 34-9-240 to determine that an employee's refusal of proffered work is justified must relate to the physical capacity of the employee to perform the job; the employee's ability or skill to perform the job; or factors such as geographic relocation or travel conditions which would disrupt the employee's life."[2] An "employee's refusal to accept employment must relate, in some manner, to [her] physical capacity or [her] ability to perform the job in order for [her] refusal to be justified within the meaning of OCGA § 34-9-240."[3] Harris's acceptance of a part-time position with another employer thus provided no basis for avoiding or ending the statutory disqualification for benefits. The choice was hers.

As it is uncontroverted that Harris was capable of performing light work, that Wal-Mart offered her such work at her pre-injury wage on January 17, 1997, and that Wal-Mart never withdrew that offer, the superior court erred in affirming the State Board's determination that Harris became entitled to temporary partial disability benefits as of April 14, 1997. The employer is not liable for wage loss when there is no diminution of earning capacity.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

---

[1] *Universal Ceramics v. Watson*, 177 Ga. App. 345, 347 (2) (339 SE2d 304) (1985); *Argonaut Ins. Co. v. Marshall*, 144 Ga. App. 217 (240 SE2d 767) (1977).

[2] *City of Adel v. Wise*, 261 Ga. 53, 56 (401 SE2d 522) (1991).

[3] Id. at 55.

DECIDED SEPTEMBER 16, 1998.

*McLain & Merritt, Jeffrey E. Hickcox, Alba M. Roman*, for appellants.

*C. Suzette Ellis-Hoyle*, for appellee.